

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Joseph H. Huynh
Assistant U.S. Attorney
Joseph.Huynh@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 9, 2025

Irina Hughes
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, OR  97401

      Re:    *United States v. Daniel Andrew McGee*, Case No. 6:21-cr-00445-MC
             Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO), the Civil Rights Division (CRT) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count One of the Indictment, which charges a Hate Crime Act Involving an Attempt to Kill, in violation of Title 18, United States Code, Sections 249(a)(2).

3.    **Penalties**:  The maximum sentence is life imprisonment, a fine of $250,000, five years of supervised release, and a $100 fee assessment.   Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO and CRT agree not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:   In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

    First, the defendant willfully caused bodily injury to the victim;

Irina Hughes
Re: McGee Plea Agreement Letter
Page 2
October 9, 2025

  Second, the defendant acted because of the actual or perceived sexual orientation of the victim; and

  Third, the defendant used a channel, facility, and instrumentality of interstate and foreign commerce, or in connection with the conduct, the defendant employed a dangerous weapon that traveled in interstate and foreign commerce;

  The defendant further admits that the offense included an attempt to kill the victim.

  Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

  On July 5, 2021, McGee and another adult male (hereinafter "Victim 1") coordinated to meet on the evening of July 5, 2021, using the dating application Grindr, an application designed for, and used primarily by, gay men. When McGee and Victim 1 met and entered Victim 1's apartment that evening, McGee assaulted Victim 1 over the course of several minutes, repeatedly striking Victim 1 on the head with a wooden "tire thumper" despite Victim 1's pleas for McGee to stop.

  Victim 1's neighbors called 911 after hearing the attack and Victim 1 screaming for help. When the police arrived, McGee was covered in Victim 1's blood but did not appear to have suffered any injuries. Eugene Police Department (hereinafter "EPD") officers observed a bloody wooden object laying inside the front door of Victim 1's apartment. McGee identified the object as a tire thumper, a tool commonly used by truck drivers to check for sufficient tire pressure. McGee told officers he found the tire thumper in a parking lot. McGee informed EPD officers that he was not injured, aside from a hurt finger, and that the blood covering him was the blood of Victim 1.

  Victim 1 sustained life-threatening injuries during the assault and was promptly transported to PeaceHealth Riverbend hospital in Eugene, Oregon. Victim 1 suffered serious head wounds, including multiple lacerations to the sides and back of his head. As a result of the attack, a large section of Victim 1's scalp, covering an area of roughly four inches by five inches on the back of his head, was missing.

  McGee informed EPD that he had met Victim 1 on the dating application Grindr, and that he went to Victim 1's apartment because he knew that demons would be there. McGee informed EPD that he had nightmares telling him that there were demons and that he needed to kill "him," which McGee confirmed was Victim 1. He intended to "slay" Victim 1 and "get rid of him."

Irina Hughes
Re: McGee Plea Agreement Letter
Page 3
October 9, 2025

McGee said he hit Victim 1 with a tire thumper and his fists and confirmed that Victim 1 had not attacked him. McGee denied targeting Victim 1 because Victim 1 was gay, telling police that it was because Victim 1 was a demon. However, further investigation revealed that McGee had been researching and planning the attack for weeks.

For at least one month prior to the attack, McGee used the internet to search for and view homophobic and graphicly violent anti-gay material. McGee also planned for the attack, including purchasing the weapon and other materials from Amazon.com and searching the internet for suggestions on how to get away with murder.

A search of McGee's cell phone and bedroom computer revealed extensive search and web activity related to the execution of murders, how to get away with murders, investigative techniques that lead to solving murders, and how to dispose of dead bodies. McGee searched for and accessed numerous articles related to crimes committed by individuals using Grindr to target their victims. McGee also frequented a website called Kaotic.com, known for its "graphic videos" and "extreme content," where he watched videos of people, including specifically gay people, being harmed, beaten, or otherwise assaulted.

Law enforcement subsequently located in Victim 1's bathroom McGee's bag that contained: a portable vacuum, an 8" Bombay kitchen knife, a folding knife, a large roll of trash bags, a bottle of Comet cleaner, a brown extension cord, a phone charger, a piece of unused paper that appeared to be torn out of a notebook, and two pencils.

McGee selected Victim 1 because of Victim 1's actual or perceived sexual orientation. Furthermore, he used channels, facilities, and instrumentalities of interstate and foreign commerce, a cell phone and the internet, and, in connection with the conduct, McGee employed a dangerous weapon, a wooden tire thumper, that traveled in interstate and foreign commerce.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that the defendant's sentencing guidelines are as follows:

| | |
|---|---|
| Base offense level [USSG § 2A2.1(a)(1] | 33 |
| Permanent of life-threatening injury [USSG § 2A2.1(b)(1)(A)] | +4 |
| Hate Crime Motivation [USSG § 3A1.1] | +3 |

Irina Hughes
Re: McGee Plea Agreement Letter
Page 4
October 9, 2025

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

EARLY RESOLUTION: If the defendant agrees to resolve his case by November 6, 2025, and does not file pretrial motions, the government will agree to recommend a three-level downward variance to his guideline range pursuant to 18 U.S.C. § 3553(a).

9. **Sentencing Recommendation**: The USAO will recommend a guidelines sentence as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures or adjustments to the advisory sentencing guideline range under the sentencing guidelines provisions but may seek a variance under 18 U.S.C. § 3553.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Irina Hughes
Re: McGee Plea Agreement Letter
Page 5
October 9, 2025

13.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully

Irina Hughes
Re: McGee Plea Agreement Letter
Page 6
October 9, 2025

refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution.  Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court.  Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change.  Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money

16. **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**:  This plea offer expires if not accepted by November 6, 2025, at 12 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Joseph H. Huynh*
JOSEPH H. HUYNH
Assistant United States Attorney

Irina Hughes
Re: McGee Plea Agreement Letter
Page 7
October 9, 2025

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10-31-25
Date

_____
Daniel Andrew McGee, Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/31/25.
Date

_____
Irina Hughes, Attorney for Defendant